**Luis Alberto Rocha RIOS, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 15-73788

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2017 *

Filed June 2, 2017

James B. Rudolph, Esquire, Attorney, Rudolph, Baker & Associates, San Diego, CA, for Petitioner

Margot L. Carter, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Luis Alberto Rocha Rios, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion for a continuance or administrative closure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the agency's denial of a continu-ance. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying for lack of good cause Rocha Rios's motion for an indefinite continuance to allow him to adjust his status once his approved relative visa petition became current, where he presented no evidence that relief was immediately available to him. *See* 8 C.F.R. § 1003.29 (an IJ may grant a continuance for good cause shown); *Sandoval-Luna*, 526 F.3d at 1247 (no good cause for continuance where relief from removal was not immediately available).

We lack jurisdiction to review the agency's determination regarding administrative closure. *See Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1118 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.